# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| vs. | ) **CRIMINAL ACTION: 1:23-00047-KD-MU** |
| | ) |
| **PAUL KYLES, SR.,** | ) |
|     **Defendant.** | ) |

## ORDER

This matter is before the Court on Defendant's Motion for Return of Property (his wife's passport, a laptop, an Ipad, his phone, jewelry, debt cards, and tax documents). (Doc. 35).[1]

Federal Rules of Criminal Procedure Rule 41(g) only permits the recovery of property in the possession of the United States. Thus, if the United States does not and/or no longer possesses the property at issue, no relief is available under Rule 41(g). See, e.g., United States v. Sivanadiyan, 847 Fed. Appx. 839, 842 (11th Cir. 2021) (affirming the district court's denial of a Rule 41(g) motion because a private party, not the United States, took possession of the property); United States v. Garcon, 406 Fed. Appx. 366, 370 (11th Cir. 2010) ("[b]ecause the property ... either was not in possession of the [United States] government, was still needed as evidence, or already had been returned to Garcon's designee, the district court properly denied Garcon's Rule 41(g) motion[]"); United States v. Reed, 340 Fed. Appx. 603, 604 (11th Cir. 2009) ("... Reed has sued the United States government in federal court seeking to recover property that was forfeited to a Florida county sheriff's office in a Florida state court proceeding. As we observed in Castro, the '[d]efendant has simply chosen the wrong remedy in the wrong court[]'"); United States v. Garza,

---

[1] The Court also notes that the Defendant *previously* moved for the return of some of this same property (laptop, debt card, and IPad), which was denied based on the reasons set forth in the response of the United States. (Docs. 18, 20, 21).

2014 WL 7005889 (M.D. Fla. Dec. 10, 2014) (denying the motion because the property had "never been in the possession of the [United States] Government, [so] this Court lacks jurisdiction to order the [United States] Government to return them. *See United States v. Solis,* 108 F.3d 722, 723 (7th Cir.1997); *United States v. Downs*, 22 F. App'x 961, 962 (10th Cir.2001)[]"); United States v. Lauer, 2010 WL 1169937, *4 (S.D. Fla. February 19, 2010) ("... Rule 41(g) permits only the recovery of property in the possession of the [United States] Government. Therefore, if the [United States] Government no longer possesses the property at issue, no relief is available under Rule 41(g)." *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir.2007)[]").

Additionally, SDAL Criminal Local Rule 12(b) (emphasis added) provides as follows:

(b) Evidentiary Hearing. If a motion seeks an evidentiary hearing, the movant must provide in the motion a short, plain statement of the principal legal issue or issues at stake and specific grounds for relief in the motion and, **after a conference with the non-movant**, provide a description of the material disputed facts that the movant claims require an evidentiary hearing. The movant also must provide an estimate of the time necessary for the hearing. The non-movant may file a response opposing an evidentiary hearing within seven (7) days after service of a movant's motion seeking an evidentiary hearing. The non-movant's response must include a short, plain statement of why that party believes that an evidentiary hearing is unnecessary.

Upon consideration, it is **ORDERED** that the Defendant's Motion (Doc. 35) is **STRICKEN** as counsel for the Defendant: 1) failed to indicate that she first had "a conference with the non-movant" pursuant to SDAL Criminal Local Rule 12(b); and 2) failed to assert the property is in the possession of the United States of America pursuant to Fed.R.Crim.P. Rule 41(g).

**DONE** and **ORDERED** this the **20th** day of **April 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**