IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL KYLES, SR., # 46689-510, | * |
| | * |
| Petitioner, | * |
| | * CRIMINAL NO. 23-00047-KD-B |
| vs. | * CIVIL ACTION NO. 24-00345-KD-B |
| | * |
| UNITED STATES OF AMERICA, | * |
| | * |
| Respondent. | * |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Paul Kyles, Sr.'s "Motion to Withdraw 28 U.S.C. § 2255 Petition" (Doc. 105). The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration, the undersigned recommends that Petitioner Kyles' motion seeking to withdraw his § 2255 motion (Doc. 105) be **GRANTED**, that his § 2255 motion (Doc. 103) be **TERMINATED as withdrawn**, and that this action be **DISMISSED**.

I.   **BACKGROUND**

Petitioner Paul Kyles, Sr. ("Kyles"), a federal prisoner proceeding without an attorney, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("§ 2255 motion"), which was neither dated nor signed under penalty of perjury as required. (See Doc. 103). In an order dated September 19, 2024, the Court gave Kyles the opportunity to correct his omissions by refiling his § 2255 motion by October 18, 2024, with

his signature and the applicable dates added.  (Doc. 104).

On September 29, 2024,[1] Kyles filed the instant motion to withdraw his § 2255 motion.  (Doc. 105).  In the motion, Kyles states that he "received incorrect information regarding how sentences for possession of a firearm . . . when in furtherance of a drug trafficking crime must be applied."  (Id. at 1).  Specifically, Kyles states that he "did not understand that 18 U.S.C. § 924(c) sentences, when tied to a drug trafficking crime must run consecutively rather than concurrently."  (Id.).  In order "to preserve his future rights to utilize an initial § 2255 Petition," Kyles' motion requests that "his original petition be removed from the docket and his rights to file an initial § 2255 [motion] be preserved."  (Id. at 1-2).

After reviewing the record, the undersigned found it appropriate to inform Kyles of the one-year statute of limitations to bring a § 2255 motion prior to acting on Kyles' request to withdraw his § 2255 motion.  Accordingly, in an order dated October 9, 2024, the undersigned informed Kyles of the one-year statute of limitations under 28 U.S.C. § 2255(f) and directed him to notify the Court in writing by October 30, 2024, whether he still wished

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam) (quotation omitted).  "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it."  Id.

to withdraw his § 2255 motion. (Doc. 106). On October 24, 2024, Kyles filed a response to the Court's order confirming that he still wishes to withdraw his § 2255 motion. (Doc. 107).

## II. DISCUSSION

Federal Rule of Civil Procedure 41 "applies to Section 2255 proceedings." Cordova v. United States, 2016 U.S. Dist. LEXIS 104231 at *2, 2016 WL 4099217, at *1 (S.D. Ga. Aug. 2, 2016); see Rules Governing § 2255 Proceedings, R. 12. Rule 41(a)(1)(A)(i) provides that an action may be dismissed by the petitioner without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). "Unless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

Rule 41(a)(2) provides that, except as provided in Rule 41(a)(1), "an action may be dismissed at the [petitioner's] request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." Id.

Based on his motion to withdraw and response to the Court's order, it is clear that Kyles wishes to withdraw the § 2255 motion that was docketed on September 10, 2024 (Doc. 103). Because Kyles' request to withdraw his § 2255 motion was filed before the Government filed a responsive pleading, Kyles is entitled to

voluntarily withdraw his § 2255 motion. Indeed, under the circumstances, the undersigned discerns no compelling reason to deny Kyles' request to withdraw his § 2255 motion.

### III. CONCLUSION

Accordingly, it is recommended that Kyles' motion to withdraw his § 2255 motion (Doc. 105) be **GRANTED,** that Kyles' § 2255 motion (Doc. 103) be **TERMINATED as withdrawn,** and that this action be **DISMISSED.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error

4

if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **30th** day of **October, 2024.**

                                              **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**